UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LEVI CHALLENGER,<br><br>    Plaintiff,<br><br>v.<br><br>GISELLA BASSOLINO,<br><br>    Defendants. | Civ. No. 18-15240 (KM) (MAH)<br><br>OPINION |

**KEVIN MCNULTY, U.S.D.J.**

## I. INTRODUCTION

The plaintiff, Levi Challenger, is currently incarcerated at Attica Correctional Facility in Attica, New York. He brings this *pro se* civil action alleging that his constitutional rights were violated by the defendants.

At this time, this Court must screen the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A to determine whether the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or whether it seeks monetary relief from a defendant who is immune from suit. For the following reasons, the complaint will be permitted to proceed in part.

## II. BACKGROUND

The allegations of the complaint will be construed as true for purposes of this screening opinion. Mr. Challenger names the following individuals as defendants in this action: (1) Gisella Bassolino – United States Probation Officer; (2) Bill Uhler – United States Marshal; (3) Nicholas Isolano – Detective, New York City Police Department; (4) Sean Caldwell – Sheriff Detective, Hudson County Sheriff's Office; (5) William Velez – Detective, Hudson County Sheriff's Office; and (6) Lynaugh – Detective, New York City Police Department.

Mr. Challenger alleges that on February 15, 2017, while residing in Jersey City, New Jersey, he received a text message from P.O. Bassolino that she was in front of his residence and wished to conduct a home visit. (*See* DE 1 at 10.) Bassolino advised Mr. Challenger to open the door and that informed him that he was going to be arrested. (*See id.*) Mr. Challenger complied with Bassolino's order to open his door. (*See id.*) At that time, Uhler, Isolano and Caldwell entered the residence. (*See id.*) Mr. Challenger was ordered to face the wall and place his hands behind his back, and he complied. (*See id.*)

Mr. Challenger states that once the handcuffs were applied, he asked why he was being arrested. (*See id.*) At that point, he was hit in the back of his head which caused him to stumble forward to the floor. (*See id.*) Mr. Challenger was then slammed down to the concrete and repeatedly punched in his head and face by Uhler, Caldwell and Isolano. (*See id.*) As a result, he allegedly sustained serious permanent physical and emotional injuries. (*See id.*)

Taken to a transport vehicle, Mr. Challenger asked P.O. Bassolino to call an ambulance, to which Bassolino replied, "yeah, right." (*See id.*) Isolano then told Challenger to "shut the fuck up, you'll be okay." (*See id.*) Challenger was then transported to the Hudson County Correctional Facility. (*See id.*)

After Challenger was processed, Caldwell and Velez were ordered by Hudson County Correctional Facility staff to take him to the Jersey City Medical Center for treatment of his injuries. (*See id.*) In transit to the hospital, Velez and Caldwell allegedly told Challenger that he had "better say the right thing or else." (*See id.* at 11.) After receiving treatment at the hospital, Mr. Challenger was transported back to the Hudson County Jail. (*See id.*) When Lynaugh was informed of the attack on Mr. Challenger, he allegedly attempted to conceal it. (*See id.*)

Challenger sues the defendants in their individual capacities and seeks money damages.

## III. LEGAL STANDARDS

Under the Prison Litigation Reform Act, Pub.L. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis, see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *see* 28 U.S.C. § 1915(e)(2)(B).

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 42 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 Fed.Appx. 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)). That standard is set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), as explicated by the United States Court of Appeals for the Third Circuit. To survive the court's screening for failure to state a claim, the complaint must allege 'sufficient factual matter' to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the

elements of a cause of action will not do.' " *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

*Pro se* pleadings, as always, will be liberally construed. *See Haines v. Kerner*, 404 U.S. 519 (1972). Nevertheless, *"pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

## IV. DISCUSSION

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

A § 1983 plaintiff must allege first, the violation of a right secured by the Constitution or laws of the United States, and second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted); *see also West v. Atkins*, 487 U.S. 42, 48 (1988).

### A. Isolano & Caldwell

Claims of excessive force during arrest are governed by the Fourth Amendment. *See Rivas v. City of Passaic*, 365 F.3d 181, 198 (3d Cir.2004) (citing *Graham v. Connor*, 490 U.S. 386, 395, 109 S. Ct. 1865 (1989)). The defendant's use of force will be analyzed to determine

4

whether it was objectively reasonable under the circumstances. *See Graham*, 490 U.S. at 397. That reasonableness inquiry "requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.* at 396.

Mr. Challenger alleges that, although he was not resisting, Det. Isolano and Det. Caldwell nevertheless repeatedly punched his head and face while he was on the ground. Those allegations are sufficient to permit his excessive force claims against Isolano and Caldwell to proceed past screening.

B. Uhler

The excessive force allegations against Uhler are similar as to those alleged against Isolano and Caldwell. Uhler, alleged to be a member of the United States Marshal's Office, would be a federal employee. Thus, the claims against Uhler would not be brought under § 1983, but rather pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). As under § 1983, this Court can "enforce a damages remedy to compensate persons injured by federal officers who violated the prohibition against unreasonable searches and seizures." *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1854 (2017) (citing *Bivens*, 403 U.S. at 397). Accordingly, for the reasons expressed as to Isolano and Caldwell, this Court will permit the claims against Uhler to proceed past screening.

C. Bassolino

As to P.O. Bassolino, I construe the complaint as asserting a claim of unlawful arrest and one of deliberate indifference to his serious medical needs. Like Uhler, Bassolino is a federal official, so the claims are analyzed under *Bivens* standards.

"To state a claim for false arrest under the Fourth Amendment, a plaintiff must establish: (1) that there was an arrest; and (2) that the arrest was made without probable cause." *James v. City of Wilkes-Barre*, 700 F.3d 675, 680 (3d Cir. 2012) (citing *Groman v. Twp. of Manalapan*, 47 F.3d 628, 634 (3d Cir. 1995); *Dowling v. City of Phila.*, 855 F.2d 136, 141 (3d Cir. 1988)). "Probable cause to arrest exists when the facts and the circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested." *Merkle v. Upper Dublin Sch. Dist.*, 211 F.3d 782, 788 (3d Cir. 2000) (quoting *Orsatti v. New Jersey State Police*, 71 F.3d 480, 482 (3d Cir. 1995)); *see also Minatee v. Phila. Police Dep't*, 502 F. App'x 225, 228 (3d Cir. 2012) (citation omitted). The arresting officer must reasonably believe at the time of the arrest that an offense is being committed, a significantly lower burden than would apply at trial. *See Wright v. City of Phila.*, 409 F.3d 595, 602 (3d Cir. 2005); *see also Minatee*, 502 F. App'x at 228 (citation omitted).

Mr. Challenger's allegation that Bassolino arrested him "without just cause" is conclusory. It fails to allege facts to establish that Bassolino lacked probable cause to arrest him. The complaint therefore fails to state an unlawful arrest claim against Bassolino.

The allegations also suggest that Mr. Challenger may be seeking to assert a claim that P.O. Bassolino was deliberate indifferent to his serious medical needs. Because he was then a pretrial detainee, Mr. Challenger's claims are not analyzed under the Eighth Amendment's prohibition against cruel and unusual punishment,[1] *see See Tapp v. Brazill*, 645 F. App'x 141,

---

[1] It is not altogether clear from the face of the complaint whether Mr. Challenger was in state or federal custody at the time he was arrested. As a federal pretrial detainee, his claims would be analyzed under the Due Process Clause of the Fifth rather than the Fourteenth Amendment. *See Montgomery v. Ray*, 145 F. App'x 738, 739-40 (3d Cir. 2005); *Ramirez v. Tatum*, No. 17-7801, 2018 WL 6655600, at *6 (S.D.N.Y. Dec. 19, 2018) ("The Fifth

6

145 n.4 (3d Cir. 2016) (Fourteenth Amendment applies to state pretrial detainee). Nevertheless, the Eighth Amendment's "deliberate indifference" standard provides a guide to what, at a minimum, is owed to pretrial detainees. *See id.* (citing *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 581-82 (3d Cir. 2003)).

> For the delay or denial of medical care to rise to a violation of the Eighth Amendment's prohibition against cruel and unusual punishment, a prisoner must demonstrate "(1) that defendants were deliberately indifferent to [his] medical needs and (2) that those needs were serious." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). Deliberate indifference requires proof that the official "knows of and disregards an excessive risk to inmate health or safety." *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). We have found deliberate indifference where a prison official: "(1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a nonmedical reason; or (3) prevents a prisoner from receiving needed or recommended treatment." *Rouse*, 182 F.3d at 197. Deference is given to prison medical authorities in the diagnosis and treatment of patients, and courts "disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment ... (which) remains a question of sound professional judgment." *Inmates of Allegheny Cnty. Jail v. Pierce*, 612 F.2d 754, 762 (3d Cir. 1979) (quoting *Bowring v. Godwin*, 551 F.2d 44, 48 (4th Cir. 1977)). Allegations of negligent treatment or medical malpractice do not trigger constitutional protections. *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976).

*Pierce v. Pitkins*, 520 F. App'x 64, 66 (3d Cir. 2013). Deliberate indifference can also be found "where the prison official persists in a course of treatment in the face of resultant pain and risk of permanent injury." *See McCluskey v. Vincent*, 505 F. App'x 199, 202 (3d Cir. 2012) (internal quotation marks and citation omitted). "A medical need is serious if it 'has been diagnosed by a physician as requiring treatment,' or if it 'is so obvious that a lay person would easily recognize

---

Amendment protects federal pretrial detainees form deliberate indifference to their serious medical needs.") (citations omitted).

the necessity for a doctor's attention.'" *See Mitchell v. Beard*, 492 F. App'x 230, 236 (3d Cir. 2012) (*quoting Atkinson v. Taylor*, 316 F.3d 257, 272-73 (3d Cir. 2003) (quoting *Monmouth Cnty. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987))).

Mr. Challenger alleges he was repeatedly beaten and punched in his face, which caused him to sustain injuries. When he asked P.O. Bassolino to summon an ambulance, she allegedly scoffed at the request. Challenger admits that he received treatment for his injuries eventually, but his later transportation to JCMC may not excuse the earlier actions (or inaction) of Bassolino. Some factual context will be required. The Court will therefore permit this claim to move forward against defendant Bassolino.[2]

D. Velez

Mr. Challenger alleges that, while en route to Jersey City Medical Center, Det. Velez told him that he had "better say the right thing or else." (*See* DE 1 at 11.) That allegation fails to state a claim.

Velez was ordered to transport Challenger to the hospital, and did so. Incidental threatening language (however inappropriate, assuming it occurred) does not give rise to a § 1983 claim against Velez.[3] *See Brown v. Hamilton Twp. Police Dep't Mercer Cnt'y, N.J.*, 547 F. App'x 96, 97 (citing *McBride v. Deer*, 240 F.3d 1287, 1291 n.3 (10th Cir. 2001); *Freeman v. Arpaio*, 125 F.3d 732, 738 (9th 1997)) ("Allegations of verbal abuse or threats, absent any injury or damage, are not cognizable under § 1983."). Accordingly, this Court will dismiss Mr.

---

[2] This Court reserves the issue of whether the claim proceeding against Bassolino raises a *Bivens* claim in a new context and, therefore, requires a special factors analysis before creating an implied *Bivens* remedy pursuant to *Ziglar*, 137 S. Ct. 1843.

[3] To the extent Mr. Challenger is also alleging a claim against Caldwell for making a similar verbal threat to him, it fails to state a § 1983 claim against Caldwell.

8

Challenger's claims against Velez without prejudice for failure to state a claim upon which relief may be granted.

E. Lynaugh

Finally, Mr. Challenger names Det, Lynaugh as a defendant. Challenger alleges that Lynaugh "attempted to conceal the attack" by Uhler, Caldwell and Isolano. The allegations are conclusory. They state no facts as to what form this attempted or actual concealment might have taken. Accordingly, Mr. Challenger's claims against Lynaugh will be dismissed without prejudice for failure to state a claim.

## V. CONCLUSION

For the foregoing reasons, Mr. Challenger's claim against Uhler shall proceed past screening. Mr. Challenger's claims against Caldwell and Isolano shall proceed but only as to Mr. Challenger's allegations related to their purported use of excessive force during the arrest. Mr. Challenger's claim against Bassolino shall proceed but only as to Bassolino's purported deliberate indifference to Mr. Challenger's serious medical needs. Mr. Challenger's claims against Velez and Lynaugh shall be dismissed without prejudice for failure to state a claim upon which relief may be granted. An appropriate order will be entered.

DATED: February 13, 2019

KEVIN MCNULTY
United States District Judge