UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
-------------------------------
LEVI CHALLENGER,
        PLAINTIFF,

   - Against -

GISELLA BASSOLINO,
BILL UHLER,
NICHOLAS ISOLANO,
SEAN CALDWELL,
WILLIAM VELEZ, and
LYNAUGH,

       DEFENDANT.
-------------------------------

AMENDED

CIVIL RIGHTS COMPLAINT

CIV. NO. 18-15240 (KM) (MAH)

    **PLEASE TAKE NOTICE**, pursuant to 28 U.S.C. § 1654, 42 U.S.C. § 1983, and Rule 3 of the Federal Rule of Civil Procedure ("Fed. R. Civ. P."), plaintiff, Levi Challenger ("Challenger"), pro se, hereby commence this civil rights action.

### VENUE AND JURISDICTION

    1. Venue is appropriate in this judicial district under 28 U.S.C. § 1391(a)(2), because the events giving rise to plaintiff's claims at all relevant dates and times was initiated within this judicial district (i.e., Jersey City of the State of New Jersey).

    2. In accordance with Fed. R. Civ. P. 8(a)(1), this civil rights action arises under violations of Amendments V, VIII, and XIV to the United States Constitution, and 42 U.S.C. § 1983. Jurisdiction is invoked pursuant to 28 U.S.C. §§ 110, 1331, 1343, 1391, 2201, and 2202, and Fed. R. Civ. P. 20(a)(2)(A).

### TYPE OF TRIAL

    3. Pursuant to Fed. R. Civ. P. 38, plaintiff hereby demand a trial by jury of this civil rights action.

### PARTIES

4. **LEVI CHALLENGER ("Challenger")** is the pro se plaintiff in this civil rights action. Plaintiff Challenger's current address is Attica Correctional Facility ("Attica C.F."), 639 Exchange Street, P.O. Box 149, Attica, New York 14011-0149.

5. **GISELLA BASSOLINO ("Bassolino")** a Probation Officer of the United States is the lead defendant in this civil rights action. Defendant Bassolino's last known address is the United States Probation Office, Martin Luther King U.S. Courthouse, 50 Walnut Street, Newark, New Jersey 07101.

6. The following are additional defendants' to this civil rights action:

a.) **BILL UHLER ("Uhler")** a Marshal of the United States Marshal's Office. Defendant Uhler's last known address is the United States Marshal's Office, 50 Walnut Street, Newark, New Jersey 07101.

b.) **NICHOLAS ISOLANO ("Isolano")** a New York City Police Department ("NYPD") Detective of the Seventh (7th.) Precinct. Defendant Isolano's last known address is 19 Pitt Street, New York, New York.

c.) **SEAN CALDWELL ("Caldwell")** a Sheriff Detective of the Hudson County Sheriff Department. Defendant Caldwell's last known address is the Hudson County Sheriff's Department, 257 Cornelison Avenue, Jersey City, New Jersey 07305.

d.) **WILLIAM VELEZ ("Velez")** a Detective of Hudson County. Defendant Velez's last known address is the Hudson County Sheriff's Department, 257 Cornelison Avenue, Jersey City, New Jersey 07305.

e.) **LYNAUGH ("Lynaugh")** a NYPD Detective of the Seventh (7th.) Precinct. Defendant Lynaugh's last known address is NYPD Seventh (7th.) Precinct, 19 Pitt Street, New York, New York.

### CAPACITIES

7. Plaintiff commence this civil rights action against defendants' Bassolino, Uhler, Isolano, Caldwell, Velez, and Lynaugh each in their individual capacities for violation of the United States Constitution which seeks compensatory damages, punitive damages, and present as well as future pain and suffering.

### STATEMENT OF CLAIM

8. Pursuant to Fed. R. Civ. P. 8(a)(2), plaintiff hereby commence this civil rights action based upon the following cause of action:

## FIRST CAUSE OF ACTION

9. Plaintiff herein claim in the content and context of an act of excessive physical force his Fifth, Eighth, and Fourteenth Amendments to the United States Constitution was violated by the actions of negligence, gross negligence, carelessness, recklessness and failure to protect or intervene or provide medical care by defendant' Bassolino, Uhler, Isolano, Caldwell, Velez and Lynaugh.

10. On or about February 15, 2017 at approximately 10:00a.m., while occupying the dwelling at 231 Martin Luther King Drive of Jersey City, New Jersey, plaintiff received a text message via cell phone transmission from defendant Bassolino, as a United States Probation Officer informing him that defendant Bassolina was downstairs in the front of the residence to execute an alleged home visit of the residence because plaintiff was on probation.

11. Upon plaintiff arriving at the gated door of the residence vestibule, defendant Bassolino without just cause and/or reason given advised plaintiff he was being placed under arrest, and for him [plaintiff] to unlock the gated door. Plaintiff complied with defendant Bassolino's order, and opened the gated door. At such time defendant Uhler entered first followed by defendant's Isolano, and Caldwell and ordered plaintiff to face the wall and place his hands behind his back to which plaintiff complied. Upon the handcuffs being secured on plaintiff's left and right wrists, while all the defendants' was standing in close range of arm reach to each other, plaintiff asked "why am I being arrested?" It was at this moment and time, without just cause and/or provocation plaintiff was unnecessarily and wantonly forcefully hit about the back of his head area causing the infliction of serious pain, the force of such blow caused plaintiff to stumble forward bending over toward the floor of the vestibule in a semi-unconscious state.

12. Plaintiff was then slammed to the concrete ground and repeatedly punched about his head and facial areas by defendant's Uhler, Caldwell, and Isolano while the remaining defendants' stood there not making a sound, or moving to intervene with the use of excessive force, which caused plaintiff to sustain serious permanent physical injuries and emotional injuries. Upon being forcefully ushered to a transport vehicle to be driven from the residence plaintiff asked defendant Bassolino to call an ambulance for medical attention to which defendant Bassolino replied "yeah right," denying plaintiff

of medical care. Accordingly, defendant Isolano stated, "shut the fuck up, you'll be okay," this was the state of mind, that established that it was maliciously and sadistically done to cause harm, and then plaintiff was then transported to the Hudson County Sheriff's Department, Detective Bureau to be processed at the Sheriffs' Station. And, during such processing plaintiff again requested medical care and attention and was again denied such medical care and attention requested.

13. After being processed at the Sheriffs' Station, plaintiff was then taken to the Hudson County Correctional Facility, and they would not accept plaintiff as a detainee, because they observed how serious the injuries was that plaintiff had sustained, and there was no injury report, whereabout defendants' Caldwell and Velez was ordered by Hudson County Correction Facility staff to take plaintiff to the Jersey City Medical Center for medical treatment of his seroious physical injuries. During transport to the Jersey City Medical Center defendants' Velez and Caldwell in an attempt to conceal the physical attack on plaintiff by defendants' Uhler, Caldwell, and Isolano advised plaintiff "you better say the right thing or else". Plaintiff was medically treated under the watchful eyes of defendants' Velez and Caldwell by medical staff and transported to the Hudson County Jail. Moreover, upon defendant Lynaugh being informed of the above mentioned physical attack on plaintiff [by plaintiff] at the scene of the physical attack defendant Lynaugh attempted to conceal the attack on plaintiff by defendants' Uhler, Caldwell and Isolano.

### PRAYER FOR RELIEF

Pursuant to Fed. R. Civ. P. 8 (a)(2), and 42 U.S.C. § 1997(e), and based upon the following actions of the aforementioned defendants' the plaintiff seek the relief of:

a.) One Million Dollars ($1,000,000.00) in compensatory damages from each individual defendant above named. Totaling: $6,000,000.00,

b.) One Million Dollars ($1,000,000.00) in punitive damages from each individual defendant above named. Totaling: $6,000,000.00,

c.) One Million Dollars ($1,000,000.00) in mental, physical and emotional damages [present and future] from each individual defendant above named.

Totaling: $6,000,000.00,

    d.)    reasonable attorney's fees, pursuant to 42 U.S.C. § 1988,

    e.)    The cost of this action, and

    f.)    such other and further relief as may be deemed just and proper according to the law.

Dated:
    Attica, New York

Respectfully Submitted,

/S/: *[signature]*

Plaintiff, Pro Se
Levi Challenger
# 18-A-1649
Attica Correctional Facility
639 Exchange Street, P.O. Box 149
Attica, New York 14011-0149

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
-----------------------------
LEVI CHALLENGER,
           PLAINTIFF,


    - Against -

GISELLA BASSOLINO,
BILL UHLER,
NICHOLAS ISOLANO,
SEAN CALDWELL,
WILLIAM VELEZ, and           Civ. No. 18-15240 (KM) (MAH)
LYNAUGH,

           DEFENDANT.
-----------------------------

## MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT

Plaintiff, Levi Challenger, pursuant to Rules 15(a) and 12(c), 16, 19(a), Fed. R. Civ. P., request leave for the opportunity to amend plaintiff's complaint to provide a more definite statement for the further procedures and formulation of issues to which complaint's attention has been drawn to from this Court's Order and Opinion dated February 13, 2019.

1.   The plaintiff in his original complaint seems to have provided insufficient facts and allegations, to alter this Court to the seriousness of the excessive use of physical force, that was wanton and unnecessary infliction of injuries to cause serious pain. And, after the maliciously and sadistically actions that was done for the very purpose of causing harm, they all denied medical care for the injuries caused by their actions or inaction to intervene, that was never reported during the processing procedure.

2.   Plaintiff would like to achieve some clarity and precision, on the set of facts as the allegations which would entitled the plaintiff the relief on all the defendants' liability for the cause and actions or inaction as failing to intervene or failure to provide or even to suggest medical care for

complaint's injuries that stemmed from the actions of the excessive use of physical force.

3. The parts of the complaint marked <- ->, is the information that was removed, and everything marked <+ +>, is everything that was added, that plaintiff want to amend in all the paragraphs of: 9, 10, 11, 12, and 13, to now read as follows for the cause of action:.

## FIRST CAUSE OF ACTION

9. Plaintiff herein claim in the content and context of an act of excessive physical force his Fifth, Eighth, and Fourteenth Amendments to the United States Constitution was violated by the actions of negligence, gross negligence, carelessness, recklessness and failure to protect <+or intervene or provide medical care+> <-of-> <+by+> defendant' Bassolino, Uhler, Isolano, Caldwell, Velez and Lynaugh.

10. On or about February 15, 2017 at approximately 10:00a.m., while occupying the dwelling at 231 Martin Luther King Drive of Jersey City, New Jersey, plaintiff received a text message via cell phone transmission from defendant Bassolino, as a United States Probation Officer informing him that defendant Bassolina was downstairs in the front of the residence to execute an alleged home visit of the residence <+because plaintiff was on probation+>.

11. Upon plaintiff arriving at the gated door of the residence vestibule, defendant Bassolino without just cause and/or reason given advised plaintiff he was being placed under arrest, and for him [plaintiff] to unlock the gated door. Plaintiff complied with defendant Bassolino's order, and opened the gated door. At such time defendant Uhler entered first followed by defendant's Isolano, and Caldwell and ordered plaintiff to face the wall and place his hands behind his back to which plaintiff complied. Upon the handcuffs being secured on plaintiff's left and right wrists, <+while all the defendants' was standing in close range of arm reach to each other,+> plaintiff asked "why am I being arrested?" It was at this <+moment and+> time, without just cause and/or provocation plaintiff was <+unnecessarily and wantonly+> forcefully hit about the back of his head area <+causing the infliction of serious pain+>, the force of such blow caused plaintiff to stumble forward <-to-><+bending over toward+> the floor of the vestibule in a semi-unconscious state.

12. Plaintiff was then slammed to the concrete ground and repeatedly punched about his head and facial areas by defendant's Uhler, Caldwell, and Isolano <+while the remaining defendants' stood there not making a sound, or moving to intervene with the use of excessive force,+> which caused plaintiff to sustain serious permanent physical <+injuries+> and emotional injuries. Upon being forcefully ushered to a transport vehicle to be driven from the residence plaintiff asked defendant Bassolino to call an ambulance for medical attention to which defendant Bassolino replied "yeah right<-.-><+,+>" <+denying plaintiff of medical care.+> Accordingly, defendant Isolano stated, "shut the fuck up, you'll be okay," <+this was the state of mind, that established that it was maliciously and sadistically done to cause harm, and then+> plaintiff was then transported to the Hudson County Sheriff's Department, Detective Bureau to be processed <+at the Sheriffs' Station. And+>, during such processing plaintiff again requested medical <+care and+> attention and was again denied such medical <+care and+> attention requested.

13. After being processed <+at the Sheriffs' Station,+> plaintiff was <+then+> taken to the Hudson County Correctional Facility<+, and they would not accept plaintiff as a detainee, because they observed how serious the injuries was that plaintiff had sustained, and there was no injury report,+> whereabout defendants' Caldwell and Velez was ordered by Hudson County Correction Facility staff to take plaintiff to the Jersey City Medical Center for medical treatment of his <+seroious+> physical injuries. During transport to the Jersey City Medical Center defendants' Velez and Caldwell in an attempt to conceal the physical attack on plaintiff by defendants' Uhler, Caldwell, and Isolano advised plaintiff "you better say the right thing or else". Plaintiff was medically treated under the watchful eyes of defendants' Velez and Caldwell by medical staff and transported to the Hudson County Jail. Moreover, upon defendant Lynaugh being informed of the above mentioned physical attack on plaintiff [by plaintiff] at the scene of the physical attack defendant Lynaugh attempted to conceal the attack on plaintiff by defendants' Uhler, Caldwell and Isolano.

## REQUESTING LEAVE TO FILE
## THE AMENDED COMPLAINT

4.  Plaintiff is asking this Court for permission for leave to amend the complaint, that should be freely granted. Since the filing of the complaint and this Court's Order and Opinion, plaintiff has determined that the allegations in the complaint might have failed to provide this Court with the proper steps and degrees in the seriousness of the unprovoked, unnecessarily and wanton act of excessive use of physical force, as if they just wanted to beat up the plaintiff and inflict the injuries

5.  Then the defendants wanted the plaintiff to act as if nothing happened. So, the complaint might not have provided this Court with enough information to spark this Court's imagination. The factual allegations, lacks some precise details and may still do after this, but as set out above, now provides the additional details that seems more convincing.

6.  Even though, substantial compliance to the requirement for providing the defendants' with Notice of the cause of action that seems to have been adequately filed, yet the order and opinion does not reflect the separate actions or inactions prior to and at the Sheriff's Station. And, then after they left the Sheriff's Station/Department, and took plaintiff to the correctional facility.

7.  Where, the defendants were ordered by the staff at the correctional facility to take plaintiff to get medical care. Its after the correctional facility staff observed plaintiff's injuries, that they was not accepting plaintiff in that condition.

8.  This also brings about a degree of needs to apply the application of: (Whitley v Albers, 473 US 312, 320-321, 106 S.Ct. 1078, 1084-1085)(as cited in Hudson v McMillian, 503 US 1, 112 S.Ct. 995 (1992).

9.  So, before the respondents' try to illuminate themselves from being all liable under the cause of action, and for this Court to facilitate a proper decision on the merits against all the defendants, plaintiff is requesting leave to amend, as set forth with the specific facts to support its general allegations for "wanton and unnecessary" using "excessive physical force" to "inflicted pain and injuries" in a "unprovoked" situation."

10. And, the judicial inquiry on maliciously and sadistically is also required as set out in Whitley v Albers, 475 US 312, supra.

11. Since plaintiff has not been able to find a attorney to assists plaintiff yet, plaintiff is attempting with the assistant of another inmate at this time to move this action forward within the Federal Rules of Civil Procedure, that did not require a claim to set out in details all the facts upon which plaintiff based his claim.

12. So, plaintiff is now adding some of the details needed to clarify the cause of action. The Rule only requires a short and plain statement of the claim that will give the defendants fair notice of what plaintiff's claim is and the grounds upon which it rests. Rule 8(a), 28 U.S.C. Mayle v Felix, 545 US 644, 656, 125 S.Ct. 2562, 2570-2571 (2005)(citing Conley v Gibson, 355 US 41, 47, 78 S.Ct. 99 (1957).

13. This illustrative forms plaintiff uses is set out in Conley v Gibson, 355 US 41, and the Rules as plainly explained demonstrates that plaintiff can do so. Such simplified notice as the complaint's pleading has made possible through the liberal reading the opportunity for disclosure of the details to now move forward to the other pretrial procedures with these more precise set of facts as the basis for both claims and defense to define more narrowly the disputed facts to come and the cause of action.

14. Following the simples guide as explained about Rule 8(f) requires that

all pleading shall be so construed as to do substantial Justice. Where, there should be no doubt that plaintiff's complaint adequately set forth a claim against all the defendants and gave them fair notice in the cause of action as the basis. Conley v Gibson, 355 US 41, 78 S.Ct. 99 (1957).

15. Plaintiff substantial compliance should apply in this case, giving all the defendants cause of action, that requires relief from all the defendants. Because, the notice requirement substantially satisfies the purpose for notice, with the injuries sustained as a result of the excessive use of physical force (Jackson v Suffolk County Homicide Bureau, 135 F.3d 254, 256 [2d Cir. 1998]).

16. And for the remaining defendants failure to intervene during the others using the excessive use of physical force can itself constitute excessive use of physical force because of their presence make them all liable (Merman v City of Camden, 824 F.Supp.2d 581 [N.J.D. 2010]; Case v City of New York, 233 F.Supp.3d 372 [2017]; Ewing v Cumberland County, 152 F.Supp.3d 269 [N.Y...D. 2015]; Broadwater v Fow, 945 F.Supp.2d 574 [Penn.M.D. 2013]; Cusamano v Sobek, 604 F.Supp.2d 416 [N.Y.N.D. 2009]; Gurbacik v Janson, 111 Fed.Appx. 91 (3rd Cir. 2004]; Smith v Mensinger, 293 F.3d 641 [3rd Cir. 2002]; Mazurkiewicz v New York City Transit Authority, 810 F.Supp. 563 [N.Y.S.D. 1993]).

17. Those acts turn on whether the force was intentionally used was excessive, and whether the defendants intended to commit the acts in question, amounting to maliciously and sadistically for the very purpose of causing harm.

18. And, all the defendants at one time or another intentionally denying medical care for plaintiff injuries sustained, until they was ordered to take plaintiff to get medical treatment by another State Department's staff..

Hudson v McMillian, 503 US 1, 112 S.Ct. 995 (1992); Williams v Forte, 541 US Fed.Appx 193 (2013); Kingsley v Hendrickson, 135 S.Ct. 2466 (2015).

19. This Court should grant leave freely to amend the complaint, as now filed and should be accept as the amended complaint as now provided herewith this motion. Merman v City of Camden, 824 F.Supp.2d 581 (N.J.D. 2010); Foman v Davis, 371 US 178, 182 (1962); Conley v Gibson, 355 US 41 (1957).

Dated: June 19th, 2019
Attica, New York

Respectfully Submitted,

/S/: _____
Levi Challenger, plaintiff, pro se
# 18-A-1649
Attica Correctional Facility
636 Exchange Street, P.O. Box 149
Attica, New York 14011-0149

*jury*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

- - - - - - - - - - - - - - - -

LEVI CHALLENGER,
          Plaintiff,

   - against -

GISELLA BASSOLINO,
BILL UHLER,
NICHOLAS ISOLANO,
SEAN CALDWELL,
WILLIAM VELEZ, and
LYNAUGH,

          Defendants.

- - - - - - - - - - - - - - - -

**CIVIL RIGHTS COMPLAINT**

   PLEASE TAKE NOTICE, pursuant to 28 U.S.C. §1654, 42 U.S.C. §1983, and Rule 3 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), plaintiff, Levi Challenger ("Challenger"), pro se, hereby commence this civil rights action.

## VENUE AND JURISDICTION

   1. Venue is appropriate in this judicial district under 28 U.S.C. §1391 (a)(2), because the events giving rise to plaintiff's claims at all relevant dates and times was initiated within this judicial district (i.e., Jersey City of the State of New Jersey).

   2. In accordance with Fed. R. Civ. P. 8 (a)(1), this civil rights action arises under violations of Amendments V, VIII, and XIV to the United States Consitiution, and 42 U.S.C. §1983. Jurisdiction is invoked pursuant to 28 U.S.C. §§§§§§ 110, 1331, 1343, 1391, 2201, and 2202, and Fed. R. Civ. P. 20 (a)(2)(A).

## TYPE OF TRIAL

   3. Pursuant to Fed. R. Civ. P. 38, plaintiff hereby demand a trial by jury of this civil rights action.

## PARTIES

4. LEVI CHALLENGER ("Challenger") is the pro se plaintiff in this civil rights action. Plaintiff Challenger's current address is Attica Correctional Facility ("Attica C.F."), 639 Exchange Street, P.O. Box 149, Attica, New York 14011-0149.

5. GISELLA BASSOLINO ("Bassolino") a Probation Officer of the United States is the lead defendant in this civil rights action. Defendant Bassolino's last known address is the United States Probation Office, Martin Luther King U.S. Courthouse, 50 Walnut Street, Newark, New Jersey 07101.

6. The following are additional defendants' to this civil rights action:

a.) BILL UHLER ("Uhler") a Marshal of the United States Marshal's Office. Defendant Uhler's last known address is the United States Marshal's Office, 50 Walnut Street, Newark, New Jersey 07101.

b.) NICHOLAS ISOLANO ("Isolano") a New York City Police Department ("NYPD") Detective of the Seventh (7Th.) Precinct. Defendant Isolano's last known address is 19 Pitt Street, New York, New York.

c.) SEAN CALDWELL ("Caldwell") a Sheriff Detective of the Hudson County Sheriff Department. Defendant Caldwell's last known address is the Hudson County Sheriff's Department, 257 Cornelison Avenue, Jersey City, New Jersey 07305.

d.) WILLIAM VELEZ ("Velez") a Detective of Hudson County. Defendant Velez's last known address is the Hudson County Sheriff's Department, 257 Cornelison Avenue, Jersey City, New Jersey 07305.

e.) LYNAUGH ("Lynaugh") a NYPD Detective of the Seventh (7Th.) Precinct. Defendant Lynaugh's last known address is NYPD Seventh (7Th.) Precinct, 19 Pitt Street, New York, New York.

## CAPACITIES

7. Plaintiff commence this civil rights action against defendants' Bassolino, Uhler, Isolano, Caldwell, Velez, and Lynaugh each in their individual capacities for violations of the United States Constitution which seeks compensatory damages, punitive damages, and present as well as future pain and suffering.

## STATEMENT OF CLAIM

8. Pursuant to Fed. R. Civ. P. 8 (a)(2), plaintiff hereby commence this civil rights action based upon the following cause of action:

## FIRST CAUSE OF ACTION

9. Plaintiff herein claim in the content and context of an act of excessive physical force his Fifth, Eighth and Fourteenth Amendments to the United States Constitution was violated by the actions of negligence, gross negligence, carelessness, recklessness and failure to protect of defendants' Bassolino, Uhler, Isolano, Caldwell, Velez and Lynaugh.

10. On or about February 15, 2017 at approximately 10:00am., while occupying the dwelling at 231 Martin Luther King Drive of Jersey City, New Jersey, plaintiff received a text message via cell phone transmission from defendant Bassolino, as a United States Probation Officer informing him that defendant Bassolino was downstairs in the front of the residence to execute an alleged home visit of the residence.

11. Upon plaintiff arriving at the gated door of the residence vestibule, defendant Bassolino without just cause and/or reason given advised plaintiff he was being placed under arrest, and for him [plaintiff] to unlock the gated door. Plaintiff complied with defendant Bassolino's order, and opened the gated door. At such time defendant Uhler entered first followed by defendants' Isolano, and Caldwell and orederd plaintiff to face the wall and place his hands behind his back to which plaintiff complied. Upon the handcuffs being secured on plaintiff's left and right wrists, plaintiff asked "why am I being arrested?" It was at this time, without just cause and/or provocation plaintiff was forcefully hit about the back of his head area, the force of such blow caused plaintiff to stumble forward to the floor of the vestibule in a semi-unconscious state.

12. Plaintiff was then slammed to the concrete ground and repeatedly punched about his head and facial areas by defendants' Uhler, Caldwell, and Isolano which caused plaintiff to sustain serious permanent physical and emotional injuries. Upon being forcefully ushered to a transport vehicle to be driven from the residences plaintiff asked defendant Basslino to call an ambulance for medical attention to which defendant Bassolino replied "yeah right." Accordingly, defendant Isolano stated "shut the fuck up, you'll be okay", plaintiff was then transported to the Hudson County Sheriff's Department, Detective Bureau to be processed, during such processing plaintiff again requested medical attention and was again denied such medical attention requested.

13. After being processed plaintiff was taken to the Hudson County Correction Facility whereabout defendants' Caldwell and Velez was ordered by Hudson County Correction Facility staff to take plaintiff to the Jersey City Medical Center for medical treatment of his physical injuries. During

transport to the Jersey City Medical Center defendants' Velez and Caldwell in an attempt to conceal the physical attack on plaintiff by defendants' Uhler, Caldwell and Isolano advised plaintiff "you better say the right thing or else". Plaintiff was medically treated under the watchful eyes of defendants' Velez and Caldwell by medical staff and transported to the Hudson County Jail. Moreover, upon defendant Lynaugh being informed of the above mentioned physical attack on plaintiff [by plaintiff] at the scene of the physical attack defendant Lynaugh attempted to conceal the attack on plaintiff by defendants' Uhler, Caldwell and Isolano.

## PRAYER FOR RELIEF

14. Pursuant to Fed. R. Civ. P. 8 (a)(2), and 42 U.S.C. § 1997 (e), and based upon the following actions of the aforementioned defendants' the plaintiff seek the relief of:

a.) One Million Dollars ($1,000,000.00) in compensatory damages from each individual defendant above named. Totaling: $6,000,000.00,

b.) One Million Dollars ($1,000,000.00) in punitive damages from each individual defendant above named. Totaling: $6,000,000.00,

c.) One Million Dollars ($1,000,000.00) in mental, physical and emotional damages [present and future] from each individual defendant above named. Totaling: $6,000,000.00,

d.) reasonable attorney's fees, pursuant to 42 U.S.C. § 1988,

e.) The cost of this action, and

f.) such other and further relief as may be deemed just and proper according to the law.

Dated:
    Attica, New York

Respectfully Submitted,

/S/: _____

Plaintiff, Pro Se

LEVI CHALLENGER
# 18-A-1649
ATTICA CORRECTIONAL FACILITY
639 EXCHANGE STREET, P.O. BOX 149
ATTICA, NEW YORK 14011-0149

UNITED STATES DISTRICT COURT Jersey
3d DISTRICT NEW ~~YORK~~

Levi Challenger,
    Petitioner,

-against-

Gisella Bassolino et Al.,
    Respondent.

AFFIRMATION OF SERVICE

Civil Rights Complaint

Civ No. 18-15240 (KM)(MH)

Under the penalty of perjury, on the below executed date, I mailed out the following to the following parties: Amended Civil Rights Complaint
- Motion for leave to file An Amended Complaint
- Requesting leave to file Amended Complaint
- Original Civil Rights Complaint.

U.S District Courthouse 3d.
Clerk of the Court
50 Walnut Street
Newark N.J 07101

The City of New York
Law Department
Attn: Elizabeth Dollin Asst Corp. Counsel
100 Church Street
New York N.Y 10007

By placing in an envelope and sealing same deposited in a United States Mailbox located in Attica State prison.

Respectfully,
L. Challenger

June 19th 2019
Executed on

"All known Counsel(s) to Petitioner have been served a copy of the Above."